IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DEMARIO WILSON,<br>Plaintiff,<br><br>v.<br><br>SHELBY COUNTY, TENNESSEE, ET AL.,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:26-cv-03072-SHM-tmp |

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE, GRANTING LEAVE TO AMEND, DENYING PENDING MOTIONS, AND ISSUING SANCTIONS WARNING**

On August 18, 2026, Plaintiff Demario Wilson, booking number 24106705, an inmate at the Shelby County Jail in Memphis, Tennessee, filed a *pro se* civil complaint under 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1-2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. §§ 1915, *et seq*. (ECF No. 4.)

Wilson filed seven motions between October 9, 2026, and October 13, 2026. (*See* ECF Nos. 6-12.) Those motions (referred to collectively as the "Pending Motions") are as follows:

(1) Motion to Amend Complaint (ECF No. 6);
(2) Motion to Appoint Counsel (ECF No. 7);
(3) Motion for Pleading or Notice of Pleadings to the Complaint (ECF No. 8);
(4) Second Motion for Pleading or Notice of Pleadings to the Complaint (ECF No. 9);
(5) Motion for Speedy Trial (ECF No. 10);
(6) Motion for Response to Civil Summons or Complaint (ECF No. 11);
(7) Motion for Notice of Intent to Introduce Certified Documents, Electronically Stored Information, Records, and Tangible Objects as Evidence (ECF No. 12).

For the reasons that follow, Wilson's complaint is **DISMISSED WITHOUT PREJUDICE**. Leave to amend is **GRANTED**. Wilson's Pending Motions are **DENIED**.

Wilson alleges that on May 7, 2026, he was "jump[ed]" by "DRT" Scott and "DRT" Turner. (ECF No. 1 at PageID 2.) Wilson alleges that Scott and Turner acted at the direction of Sergeant Burks and "DRT" Sergeant Matthew. (*Id.*) Wilson alleges that Burks "sprayed" Wilson. (*Id.*) Wilson alleges that Scott and Turner "took [Wilson] to . . . medical," and when Wilson was "off camera," Scott hit Wilson in the mouth. (*Id.*) Wilson alleges that he "ran out [of] the blind spot looking for the nearest camera" and screamed for help. (*Id.*) Wilson alleges that "the[y] pull[ed] and snatch[ed] [Wilson's] shirt" and tried to "take [Wilson] back to the blind spot to jump [Wilson] some more." (*Id.*)

The Court liberally construes Wilson's complaint to allege a claim of excessive force.[1]

Wilson sues Defendants: (1) Shelby County, Tennessee; (2) Floyd Bonner, the Shelby County Sheriff; (3) Sergeant First Name Unknown ("FNU") Burks; (4) "DRT" FNU Scott; (5) "DRT" FNU Turner; and (6) "DRT" Sergeant FNU Matthew. (*Id.* at PageID 1-2.) Defendants (2)-(6) are referred to collectively as the "Individual Defendants."

Wilson seeks "justice for [his] pain and suffering" and to "receive payment" of an unspecified amount. (*Id.* at PageID 3.)

## I. SCREENING THE COMPLAINT

### A. Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

[1] Wilson attaches two inmate grievances to his complaint. (ECF No. 1-1 at PageID 5-7.) Wilson does not explain how the grievances are relevant to his claim, and the Court has not considered them. *See Pliler v. Ford*, 542 U.S. 225, 231 (2004) (stating that federal district courts "have no obligation to act as counsel or paralegal to *pro se* litigants").

> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements to State a Claim Under § 1983

Wilson sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

## II. ANALYSIS

Wilson does not allege whether he sues the Individual Defendants in their official or individual capacities. (*See* ECF No. 1 at PageID 1-2.) It is preferable that a plaintiff state explicitly whether a defendant is sued in his or her "individual capacity," but the failure to do so is not fatal if the "course of proceedings" test demonstrates that the defendant received sufficient notice that the intent was to hold the defendant personally liable. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). That test considers "the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability." *Id.* at 772 n.1. The course of proceedings test also considers subsequent pleadings if they are filed in the early stages of litigation. *Id.*

Wilson's complaint identifies the Individual Defendants by their official titles, contains no language alleging individual capacity claims against the Individual Defendants, and seeks monetary damages in general. (*See* ECF No. 1 at PageID 1-3.) Wilson's claims are official capacity claims. *See Moore*, 272 F.3d at 772.

Wilson's official capacity claims against the Individual Defendants are treated as claims against the Individual Defendants' employer at the time the complaint was filed—*i.e.*, Shelby County, Tennessee, (the "County"). *See Jones v. Union Cnty.*, 296 F.3d 417, 421 (6th Cir. 2002). The County may be held liable only if Wilson's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

Wilson's complaint does not allege any deprivation of a constitutional right because of a policy or custom of the County. (*See* ECF No. 1 at PageID 2.) Although Wilson is not required to plead the facts demonstrating municipal liability with particularity, Wilson must give the County "fair notice of what [Wilson's] claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Wilson does not state a claim to relief against the County or against the Individual Defendants in their official capacities because Wilson fails to allege facts demonstrating any official policy or custom of the County, much less an unconstitutional policy that injured Wilson.

Wilson's § 1983 claim against the County and his official capacity claims against the Individual Defendants are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief.

## III. PENDING MOTIONS

### A. Motion to Amend

Wilson's motion to amend does not state the amendments he seeks to make, and Wilson has not attached a proposed amended complaint. (*See* ECF No. 6.) Wilson merely cites Rule 15 of the Federal Rules of Civil Procedure and asks to be allowed "to amend his complaint to avoid *sua sponte* dismissal under [the] PLRA." (*Id.* at PageID 26-27.)

Wilson's motion is **DENIED** as moot. As discussed in Section IV, the Court has granted leave to amend the claims dismissed without prejudice.

### B. Motion to Appoint Counsel

Wilson seeks the appointment of "elbow counsel." (ECF No. 7.) Wilson says that he requires appointed counsel because he is incarcerated and is "not completely competent in the practice of civil procedures and law." (*Id.* at PageID 32.) Wilson says that the appointment of "co-counsel will expedite [his] pending civil causes." (*Id.*)

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or . . . statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993). The appointment of counsel in a civil proceeding is justified "only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).

To decide whether there are exceptional circumstances, a court examines "the type of case and the abilities of the plaintiff to represent himself." *Id.* (internal quotation marks and citation omitted). "This generally involves a determination of the complexity of the factual and legal issues involved." *Id.* (internal quotation marks and citation omitted). "Where the facts and issues are simple," a *pro* se litigant will not need "help in presenting the essential merits of his or her position to the court." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993).

To the extent that Wilson seeks appointment of counsel because he is incarcerated (ECF No. 7 at PageID 32), his argument is unpersuasive. Wilson's imprisonment is typical, not exceptional. *See Vasser v. Anderson Cnty. Det. Ctr. Doctor*, No. 3:24-cv-257, 2024 WL 3297341, at *1 (E.D. Tenn. July 3, 2024) ("Plaintiff's allegations regarding his incarceration, self-representation, and lack of an attorney are typical of prisoner plaintiffs").

To the extent that Wilson seeks appointment of counsel because he lacks formal legal training (ECF No. 7 at PageID 32), his argument is unpersuasive. *See Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2 (6th Cir. June 23, 2000) ("The district court had no duty to remedy [the plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Wilson's "circumstances are typical to most prisoners." *Bowers v. Power*, No. 3:17-cv-01599, 2018 WL 1794730, at *2 (M.D. Tenn. Apr. 16, 2018); *see Dalton v. Murfreesboro Police Dep't*, No. 3:18-cv-0402, 2018 WL 3438777, at *1 (M.D. Tenn. July 17, 2018) (noting that inmates are typically indigent and untrained *pro se* litigants). The allegations in Wilson's complaint are not complex. Wilson alleges a single claim of excessive force, which is an area of well-settled law under § 1983.

Wilson's motion does not demonstrate exceptional circumstances warranting appointment of counsel. The motion is **DENIED**.

**C. Motions for Pleading or Notice of Pleadings to the Complaint**

Wilson's duplicate "Motions for Pleading or Notice of Pleadings to the Complaint" request "an answer to this complaint" and a "notice of failure of timely response [sic]." (ECF Nos. 8 & 9.) Wilson's motions are **DENIED** as premature. Wilson will be served with an answer to his amended complaint if his case survives PLRA screening and the amended complaint is served. The Court has no duty to inform Wilson of an untimely response to his complaint.

**D. Motion for Speedy Trial**

Wilson moves for a speedy trial and asks that his case "be advanced for a . . . trial within 6 months from the day of this request." (ECF No. 10 at PageID 45.) There is no right to a speedy trial in a civil case. The Sixth Amendment right to a speedy trial applies only to criminal prosecutions. Wilson's motion is **DENIED**.

**E. Motion for Response to Civil Summons or Complaint**

Wilson moves for a "response to civil summons on complaint" and cites Federal Rule of Civil Procedure 12(a). (ECF No. 11 at PageID 46.) Wilson's motion is **DENIED** as unnecessary. Wilson will be served with an answer if his amended complaint survives PLRA screening and the amended complaint is served.

**F. Motion for Notice of Intent to Introduce Certified Documents, Electronically Stored Information, Records, and Tangible Objects as Evidence**

Wilson quotes Rule 26 of the Federal Rules of Civil Procedure, but Wilson does not specify the relief he seeks. (ECF No. 12.) No motion is required for discovery. Wilson's motion is **DENIED** as unnecessary.

## IV. AMENDMENT UNDER THE PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). The Court **GRANTS** leave to amend the claims dismissed without prejudice within 21 days of the date of this Order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Wilson's claims. An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings. Wilson must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. If Wilson fails to comply with Rule 8 and the Court's instructions for pleading amended claims, the Court will dismiss improperly pled amended claims with prejudice.

If Wilson fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

## V. CONCLUSION

For the reasons explained above:

A. Wilson's § 1983 claims against the County and against the Individual Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE** for failure to allege facts stating a claim to relief. *See* §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

B. Leave to amend is **GRANTED**. Wilson may amend his complaint within 21 days of the date of this Order, under the guidelines set forth *supra*.

C. Wilson's Pending Motions (ECF Nos. 6-12) are **DENIED**. Wilson has filed duplicate and frivolous motions in this case, and none of his motions complies with Local Rule 7.2(a)(1). Wilson's conduct is an abuse of the judicial process and wastes judicial resources. The Court will not consider further motions from Wilson until the screening of his amended complaint is complete. If Wilson submits additional motions in violation of this Order, they will be filed for statistical purposes and will be summarily dismissed.

D. Wilson is **ORDERED** to notify the Court immediately, in writing, of his current address, if he is transferred or released. If Wilson fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

**IT IS SO ORDERED** this 20th day of October, 2026.

*/s/ Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE